UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

YEIMYS HERRERIA, an individual,

    Plaintiff,

v.

NOMI HEALTH, INC., Delaware Corporation, SB PORT VENTURES LLC, a Florida Limited Liability Company, and MEDX STAFFING, INC., a Utah Corporation,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, YEIMYS HERRERIA (hereinafter referred to as "Plaintiff" and "HERRERIA"), is an individual residing in Miami-Dade County, Florida.

2. Defendants, NOMI HEALTH, INC., a Delaware Corporation, SB PORT VENTURES LLC, a Florida Limited Liability Company, and MEDX STAFFING, INC., a Utah Corporation (collectively referred to as "Defendants"), have at all times material to this Complaint owned and/or operated a business employing testing personnel to carry out COVID-19 testing at multiple locations, including throughout Miami-Dade County, Florida.

3. At all times material to this Complaint, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., directly or indirectly, acted in the interest of an employer toward HERRERIA, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff. Alternately, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were

1

joint employers of HERRERIA because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff.  As a second alternative, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of HERRERIA because they commonly controlled the terms of compensation and employment of Plaintiff and because they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff.  As a final alternative, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward HERRERIA at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

4.     Plaintiff, YEIMYS HERRERIA, brings this action against Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act, 29 U.S.C. §216(b).

5.     In connection with the work HERRERIA performed between approximately July 2021 and March 2022 for Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., while Defendants paid Plaintiff without withholding or paying applicable employment and income taxes in connection with the compensation paid to Plaintiff for her continuous work as an hourly Registered Nurse for Defendants and one or more of the Defendants issued HERRERIA an IRS Form 1099—for the year 2021, for example, through SB PORT VENTURES LLC in the amount of $15,303.95—the facts and circumstances of the work

HERRERIA performed for Defendants between approximately July 2021 and March 2022 reveal and confirm that HERRERIA was an employee of Defendants under the law, not an independent contractor, including but not limited to because:

    (a)    Plaintiff worked on a permanent and continuous basis carrying out non-exempt RN duties for Defendants each week between approximately July 2021 and March 2022;
    (b)    Plaintiff was wholly dependent on Defendants for earning her livelihood between approximately July 2021 and March 2022;
    (c)    Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff between approximately July 2021 and March 2022;
    (d)    Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants between approximately July 2021 and March 2022;
    (e)    the RN duties Plaintiff carried out on a daily basis for Defendants between approximately July 2021 and March 2022 did not require specialized skills by Plaintiff; and
    (f)    Plaintiff's duties for Defendants between approximately July 2021 and March 2022 were an integral part of Defendants' testing services.

6.    At all times material to this Complaint, HERRERIA was an employee of Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

7.    At all times material to this Complaint, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., were employers or a joint employer of HERRERIA within the meaning of the FLSA, 29 U.S.C. §203(d).

8.    Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

9.    A substantial part of the events giving rise to this action occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

10.    At all times material to this Complaint including but not necessarily limited to during the years of 2020, 2021, and/or 2022, Defendants, NOMI HEALTH, INC., SB PORT

VENTURES LLC, and MEDX STAFFING, INC., had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, HERRERIA alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2020, 2021, and/or 2022, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., employed two (2) or more employees who, *inter alia*, regularly: (a) worked with COVID-19 tests and testing materials which were goods and/or materials moved in or produced for commerce; and (b) processed credit card, debit card, electronic bank, insurance or other electronic financial and/or transfer payments through and across multiples States.

11. Based upon information and belief, the annual gross sales volume of Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., individually and/or collectively, was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, and/or 2022.

12. At all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, and/or 2022, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

13. In approximately July 2021, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., hired HERRERIA to work as a Registered Nurse based upon the regular rate of $45.00 per hour.

14. Throughout the three (3) year statute of limitations period between approximately July 2021 and March 2022, HERRERIA's primary duties as an hourly Registered Nurse for Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC.,

consisted of the following non-exempt tasks at different COVID-19 testing sites such as the Kendale Lakes Library and Tropical Park in Miami, Florida: (a) registering, swabbing and testing patients for COVID-19; and (b) scanning PCR tests to be sent to offsite labs and processing results of rapid tests.

15. The primary job duties HERRERIA performed for Defendants NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., during the statute of limitations period between approximately July 2021 and March 2022 as an Registered Nurse *did not* involve the exercise of independent judgment nor were Plaintiff's primary duties complex administrative tasks that involved exercising discretion for Defendants' general business operations.

16. Likewise, the primary duties HERRERIA performed for Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., between approximately July 2021 and March 2022 required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administration or production operations.

17. Instead, throughout the course of HERRERIA's employment as a Registered Nurse for Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., between approximately July 2021 and March 2022, Plaintiff devoted all of her working time for Defendants each week to performing non-exempt COVID-19 testing duties for Defendants.

18. Finally, the primary duties of HERRERIA for Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., during the three (3) year statute of limitations period between approximately July 2021 and March 2022 as an Registered Nurse *was not* management of Defendants' office or any department(s) within the office or Defendants'

business overall, and Plaintiff had no authority for and did not regularly interview, hire, discipline, or fire employees of Defendants.

19. During the three (3) year statute of limitations period between approximately July 2021 and March 2022, HERRERIA regularly worked for Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., as a Registered Nurse anywhere from Five (5) to Six (6) days per week with start times as early as approximately 6:00 a.m. and stop times of approximately 7:30 p.m. or later, regularly working as many as approximately Sixty-Five (65) to Seventy-Eight (78) hours per week.

20. However, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., failed to pay HERRERIA time and one-half wages for all of the hours she worked in excess of Forty (40) hours per week for Defendants in numerous work weeks during the three (3) year statute of limitations period between approximately July 2021 and March 2022 present as required by the Fair Labor Standards Act, with Defendants instead intentionally misclassifying Plaintiff as an independent contractor despite Plaintiff's primary duties being as a non-exempt employee as a matter of law and Defendants paying HERRERIA at the regular rate of $45.00 per hour for all of her hours worked for Defendants including Plaintiff's hours worked in excess of Forty (40) hours of work per week between approximately July 2021 and March 2022 without time and one-half compensation for the overtime hours Plaintiff regularly worked for Defendants.

21. Subject to discovery, based upon Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., paying HERRERIA at an applicable regular rate of $45.00 per hour between approximately July 2021 and March 2022 and Plaintiff being owed a total of approximately 893.00 unpaid overtime hours at half-time rate of $22.50/hour

[$45.00/2 = $22.50/hour], Plaintiff's unpaid overtime wages total approximately $20,092.50 [$22.50/hour x 893.00 Unpaid OT Hours = $20,092.50].

22. Based upon information and belief, records of HERRERIA's actual start times, stop times, number of hours worked each day, and total hours actually worked each week for Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., between approximately July 2021 and March 2022 are in the possession, custody, and/or control of Defendants as a result of Defendants tracking Plaintiff's hours worked through an app on which Plaintiff's "clock in time" and "clock out time" was contemporaneously recorded each work day between approximately July 2021 and March 2022.

23. Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., had knowledge of the hours worked in excess of Forty (40) hours per week by HERRERIA as an hourly Registered Nurse during each week between July 2021 and March 2022 but Defendants willfully failed to compensate Plaintiff for all of her actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff without the overtime compensation required by the FLSA, 29 U.S.C. §207.

24. The complete records reflecting the compensation paid by Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., to HERRERIA each week while in the Registered Nurse position between approximately July 2021 and March 2022 are in the possession, custody, and/or control of Defendants.

### COUNT I
### OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff, YEIMYS HERRERIA, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

26. HERRERIA is entitled to be paid time and one-half of her applicable regular rate(s)

of pay for each hour she worked as an hourly Registered Nurse for Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately July 2021 and March 2022.

27.  Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., knowingly and willfully failed to pay Plaintiff at time and one-half of her applicable regular rate of pay for all hours Plaintiff worked for Defendants in excess of Forty (40) per week during the three (3) year statute of limitations period between approximately July 2021 and March 2022.

28.  At all times material to this Complaint, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., had constructive and actual notice that Defendants' compensation practices did not provide HERRERIA with time and one-half wages for all of the actual overtime hours Plaintiff worked while in the position of Registered Nurse for Defendants between approximately July 2021 and March 2022 based upon, *inter alia*, Defendants: (a) intentionally misclassifying Plaintiff as an independent contractor despite her being an employee as a matter of law as part of Defendants willfully avoiding their obligations to comply with applicable tax and wage & hour laws; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

29.  By reason of the said intentional, willful and unlawful acts of Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., HERRERIA suffered damages plus incurring costs and reasonable attorneys' fees.

30. Based upon information and belief, at all times material to this Complaint, Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by HERRERIA as an hourly Registered Nurse, as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

31. HERRERIA has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

32. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, YEIMYS HERRERIA, demands judgment against Defendants, jointly and severally, NOMI HEALTH, INC., SB PORT VENTURES LLC, and MEDX STAFFING, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  September 30, 2022                Respectfully submitted,

By:    **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

9

# **CONSENT TO JOIN FORM**

1. I consent to be a party plaintiff in a lawsuit against Defendants, **SB Port Ventures LLC, MedX Staffing, Inc., and Nomi Health, Inc.**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq*.

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims against Defendants and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement with Defendants approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.



**Yeimys Herreria**